OPINION.
{¶ 1} Defendant-appellant Bryant Crowley appeals from his conviction and sentence for Forgery, following a bench trial. Crowley contends that the trial court erred by denying his motion for a judgment of acquittal, made at the close of the State's case-in-chief, and that his conviction is against the manifest weight of the evidence. We conclude that the evidence presented by the State in its case-in-chief was sufficient to sustain a conviction, so that the trial court did not err by denying Crowley's motion for a judgment of acquittal. We further conclude that Crowley's conviction is not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} On March 18, 2002, Crowley opened a checking account at a branch of the Huntington National Bank in Springfield. He deposited $50, the minimum deposit for the account.
 {¶ 3} Four days later, on March 22, 2002, Crowley presented the bank with what appeared to be a check drawn by the Dispatch Printing Company (the Columbus Dispatch newspaper), payable to Brian Crowley, in the amount of $7,550.65. Crowley deposited $3,000 in his newly-opened account, and received $4,550.65 in cash.
 {¶ 4} Although the check bore what appeared to be the signatures of two corporate officers having signature authority, it was stipulated at trial that the check was, in fact, a forgery. The Huntington National Bank reversed the $3,000.00 credit in Crowley's account, but sustained a loss with respect to the cash it had paid Crowley on the check, when it was rejected as a forgery.
 {¶ 5} Crowley was indicted for Forgery, in violation of R.C.2913.31(A)(3), a felony of the fifth degree. Crowley waived a jury trial, and was tried to the bench. Crowley was convicted, was sentenced to eleven months in prison, and was ordered to pay $7,400.65 in restitution.
 {¶ 6} From his conviction and sentence, Crowley appeals.
 II {¶ 7} Crowley assigns two errors, as follows:
 {¶ 8} "The trial court erred in failing to grant the defense motion for acquittal pursuant to Crim. R. 29 that was made at the close of the state's case in chief.
 {¶ 9} "The trial court's verdict should be reversed because it is against the manifest weight of the evidence."
 {¶ 10} Crowley stipulated at trial, and concedes on appeal, that the check he negotiated at the Huntington National Bank was a forgery. He contends that it was never proven, beyond reasonable doubt, that he knew the check to have been forged, a necessary element of the offense of which he was convicted.
 {¶ 11} By the conclusion of the State's case-in-chief, it was proven that Crowley received, or at least had in his possession, a forged check, in the amount of $7,550.65, purporting to be payable to him and drawn on the account of the Dispatch Printing Company. It was further established that he presented the forged check to the Huntington National Bank, where he had established a minimal checking account four days previously, and made what is called a "split deposit," in which $3,000.00 was credited to his account, and the balance, $4,550.65, was paid to him in cash.
 {¶ 12} There was no direct proof, either in the State's case-in-chief, or otherwise, that Crowley knew the check to him to have been a forgery. However, in our view, that is a reasonable inference under the circumstances.
 {¶ 13} Unless Crowley either forged the check himself, or was in complicity with the person or persons who forged the check, there would not appear to be any motive for the forgery. It is unlikely that someone would forge a check to Crowley, and get that check into Crowley's hands, simply as a random criminal act of kindness toward Crowley. It is far more likely that Crowley was involved in the scheme.
 {¶ 14} Thus, in our view, a reasonable finder of fact, viewing the evidence presented in the State's case-in-chief in a light most favorable to the State, could reasonably have found, beyond reasonable doubt, that Crowley knew the check he negotiated to have been a forgery.
 {¶ 15} Nothing Crowley presented in his case-in-chief dispelled the force of the inference that he knew the check to have been a forgery. There was some dispute about how the check came to be delivered to Crowley, in view of the fact that the address shown on the check was different from Crowley's residential address, where his fiancée claimed the check was received. As the State points out, Crowley's fiancée had told the investigating police officer that the check was received at Crowley's mother's house, casting some doubt upon her credibility.
 {¶ 16} In any event, the fact remains that the check came into Crowley's possession by some means, and there is no apparent motive for the forgery unless Crowley was involved in the scheme. Accordingly, we cannot say that Crowley's conviction is against the manifest weight of the evidence.
 {¶ 17} Both of Crowley's assignments of error are overruled.
 III {¶ 18} Both of Crowley's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.